[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12301
Non-Argument Calendar

_____

D.C. Docket No. 6:14-cv-00989-RBD-TBS

SCOTT ALLAN MOSER,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF
CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2020)

Before WILLIAM PRYOR, JILL PRYOR and MARCUS, Circuit Judges.

PER CURIAM:

Scott Moser, a Florida prisoner convicted of two counts of aggravated assault

with a firearm and one count of shooting at or within, or into, an occupied vehicle,

challenges the district court's denial of his 28 U.S.C. § 2254 petition.  The district court granted a certificate of appealability on whether the exception established in Martinez v. Ryan, 566 U.S. 1 (2017), excuses procedurally defaulted claims of ineffective assistance of appellate counsel.  On appeal, Moser argues that the district court erred in finding that the Martinez exception did not apply to excuse his procedurally defaulted claims of ineffective assistance of appellate counsel.  After careful review, we affirm.

We review the district court's denial of a § 2254 petition de novo.  McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005).  Further, exhaustion and procedural default present mixed questions of law and fact, subject to de novo review.  Fox v. Kelso, 911 F.2d 563, 568 (11th Cir. 1990); Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  Under the prior precedent rule, we are bound to follow prior binding precedent "unless and until it is overruled by our court en banc or by the Supreme Court."  United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008).  Appellate courts are bound by controlling Supreme Court precedent.  United States v. Johnson, 921 F.3d 991, 1001 (11th Cir. 2019).

In Martinez, the Supreme Court established an exception to the requirement under the Antiterrorism and Effective Death Penalty Act that requires all petitioners to exhaust all available remedies in state court.  The Court held:

> Where, under state law, claims of ineffective assistance of trial counsel
> must be raised in an initial-review collateral proceeding, a procedural

> default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Martinez, 566 U.S. at 17. Under Martinez, a petitioner must still establish that the underlying claim is "substantial" and has "merit" before the procedural default can be excused. Id. at 14.

In Davila v. Davis, the Supreme Court considered whether the Martinez exception allowed a federal court to hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel. 137 S. Ct. 2058, 2065 (2017). The Court held that Martinez did not extend or apply to excuse procedurally defaulted claims of ineffective assistance of appellate counsel. Id. at 2065-70.

As Moser acknowledges, his argument that the Martinez exception applies to ineffective-assistance-of-appellate-counsel claims is foreclosed by Supreme Court precedent. See id. That precedent is binding, even if it was wrongly decided, as Moser argues. Accordingly, the district court did not err in finding that Moser's procedurally defaulted claims of ineffective assistance of appellate counsel were not excusable under Martinez, and we affirm.

**AFFIRMED**.

3